UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA :
: CRIM. NO. 5:20-CR-20-MTT-4
vs. :
:
ROBERT LEE WHISBY, JR. :
**Defendant** :
:

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and Robert Lee Whisby, Jr., hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that

1

Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on <u>Booker</u>, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A) The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment which charges Defendant with Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of Title 21, United States Code, Section 846 in connection with Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

(B) That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count One to a mandatory minimum sentence of ten (10) years imprisonment up to a maximum sentence of life imprisonment, a maximum fine

2

of $10,000,000.00, or both, and a term of supervised release of at least five (5) years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C)     The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)     The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.



(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) **<u>Waiver of Appeal Rights and Right of Collateral Attack:</u>**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

4

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H) Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present Indictment as well as any and all criminal violations about which the Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The Defendant understands that this agreement does not require the Defendant to implicate any particular individual or individuals or to "make a case," rather it requires the Defendant to be truthful and to testify truthfully whenever called upon.

(I) Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J) The United States of America and Defendant hereby agree that any breach of this agreement by the Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the information, would: (a) not relieve



the Defendant of Defendant's plea of guilty; (b) permit the Government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this superseding information; (c) permit the Government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the Government to utilize against the Defendant in any subsequent judicial proceeding any and all statements made by the Defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)     That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count One of the Indictment.

(B)     That he further agrees, if the Defendant cooperates truthfully and completely with the Government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to Defendant's cooperation, to make the extent of the Defendant's

6



cooperation known to the sentencing court. If the Defendant is not completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, the Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. In addition, should the Defendant fail to cooperate truthfully and completely with the Government, or if the Defendant engages in any additional criminal conduct, the Defendant shall not be entitled to consideration pursuant to this paragraph.

(C) Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of the Defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the Government agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent



criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B)(i), based on any information provided by the Defendant in connection with the Defendant's cooperation, which information was not known to the Government prior to said cooperation. This does not restrict the Government's use of information previously known or independently obtained for such purposes.

(D)  If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(E)  The Government agrees that it will ask for a sentence at the bottom of the Guidelines. Defendant understands that this recommendation is nonbinding on the Court.

(F)  That the United States Attorney will make a non-binding recommendation to the Court for a two-level downward departure pursuant to U.S.S.G. § 5K2.0(a)(2)(B), Unidentified Circumstances, for Defendant's agreement to enter a guilty plea during the global pandemic while the Court's COVID-19 Jury Trial Moratorium is in effect.

(5)

Nothing herein limits the sentencing discretion of the Court.

8



(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

Around June 2019 agents with the Federal Bureau of Investigation and the Bibb County Sheriff's Office began investigating Carlos Brown, a/k/a "Lo," for distributing methamphetamine in various hotels around the Eisenhower Parkway corridor in Macon, Georgia. Between July 26, 2019, and September 12, 2019, agents were able to conduct 7 controlled purchases of methamphetamine from Brown at and around these hotels. Agents ultimately obtained a Court Order to intercept wire and electronic communications taking place over two cellular phones that Brown was known to use during the course of the investigation.

Agents intercepted Brown's communications on these phones from September 25, 2019, to October 24, 2019. These interceptions, along with surveillance, confirmed that Brown was distributing various quantities of methamphetamine to numerous individuals in the Macon area. It was also determined that Brown had several sources of supply for methamphetamine. One of Brown's sources of supply was determined to be Cartney Pitts. Based on the information gathered on Pitts during the investigation of Brown, agents thereafter obtained a Court Order to intercept wire and electronic communications taking place over Pitts's cellular phone.

Agents intercepted Pitts's communications from October 28, 2019, to November 26, 2019. These interceptions, along with surveillance, confirmed that Pitts sold methamphetamine to numerous individuals in the Macon area. Interceptions and surveillance also confirmed that Pitts obtained the methamphetamine he sold from Defendant. Pitts also had customers and associates who Defendant would direct Pitts to provide methamphetamine to and/or collect the proceeds from the sale of methamphetamine from. These individuals included Albruce Green, Troy Faulks, and Milton Hill.

For example, on November 15, 2019, Defendant called Pitts from a new number and told Pitts not to give the new number out as Defendant was going to have everyone go through Pitts from now on. Later that day, Defendant told Pitts that his courier was on the way and asked Pitts how much "change" he had together. Pitts outlined what he had and still needed to get. He explained that he was about to holler at "Troy" (Faulks) to get money from him. They also discussed "B" (Albruce Green). Defendant then directed Pitts to get money from Faulks. Surveillance confirmed that Pitts later met with Faulks before meeting with Defendant's courier to provide her with the money he had collected at an apartment off Vineville Avenue associated with Defendant.



Hill was identified as a methamphetamine associate of both Pitts and Defendant and his residence on Westminister Drive in Macon was determined to be a location where Pitts stored methamphetamine that he obtained from Defendant. On numerous occasions during interception, Pitts would call Hill to confirm that he was home and travel to Hill's residence after receiving an order from a customer and before meeting the customer. For example, on November 26, 2019, Green called Pitts to make arrangements to obtain methamphetamine. Pitts later contacted Hill to tell him he was about to pull up. Shortly thereafter, Pitts called Green and they agreed to meet at a gas station on Mercer University Drive. Pitts arrived to Hill's residence at around 3:18 pm and was seen meeting with Green at the gas station at 3:41. After leaving this meeting with Pitts, Green was pulled over following a traffic chase where he threw 230.95 grams of d-methamphetamine hydrochloride with a 97% purity out of the window. Following Green's arrest, conversations between Pitts and Defendant were intercepted where they discussed Green's arrest and how they both needed to change their phone numbers.

On December 11, 2019, agents executed several search warrants for locations identified as being used to store or sell methamphetamine during the investigation. One of those locations was Hill's residence. During this search, agents seized 1,721 grams of methamphetamine. Later that day, agents determined that Defendant was in the Atlanta area. Officers with the DeKalb County Sheriff's Office conducted a traffic stop on Defendant's vehicle and he was placed under arrest pursuant to an outstanding warrant. Officers smelled the odor of marijuana and conducted a search where they found $4,480.00 in cash.

Defendant now admits and agrees that between June 1, 2019, through December 31, 2019, he conspired with Cartney Pitts, Albruce Green, Troy Faulks, Milton Hill, and others, to possess with the intent to distribute more than 50 grams of methamphetamine

11

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 26 day of April, 21.

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

BY: _____
ELIZABETH S. HOWARD
ASSISTANT UNITED STATES ATTORNEY

I, Robert Lee Whisby, Jr., have read this agreement and had this agreement read to me by my attorney, Jeffrey Manciagli. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
ROBERT LEE WHISBY, JR.
DEFENDANT

I, Jeffrey Manciagli, attorney for Defendant Robert Lee Whisby, Jr., have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
JEFFREY MANCIAGLI
ATTORNEY FOR DEFENDANT